FRANK STONE AND OTHERS, PLAINTIFFS IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Conspiracy—statements of one conspirator—when admissible against his coconspirator.*

Upon the trial of an indictment against several persons for a conspiracy to cheat and defraud, depositions of one conspirator, taken upon his examination before a justice of the peace after his arrest for the alleged conspiracy, and several months after the accused had ceased to act together in furtherance of the conspiracy, are inadmissible as evidence against a coconspirator.

WRIT OF ERROR to the Court of General Sessions of the county of Orleans, to review the conviction of the plaintiffs in error of a conspiracy to cheat and defraud.

*S. E. Filkins,* for the plaintiffs in error.

*H. A. Childs,* for the defendants in error.

MULLIN, P. J.:

The defendants were indicted in the Orleans Oyer and Terminer for a conspiracy to cheat and defraud Marcia A. McIlrath. The indictment was sent to the Sessions of that county and the prisoners were tried therein in November, 1876. The case made by the evidence on the part of the prosecution is this: In 1875, Mrs. McIlrath was engaged in the manufacture of cigars in Erie, Penn., and employed the prisoner, Stone, to go east and buy tobacco for

her; he went, and on his return told her that he could get Black's tobacco at fifteen cents per pound. She told him to go back and take Black's whole crop at that price, provided Black would give credit for part. Afterwards Stone wrote her that the price of tobacco had gone up to twenty cents per pound and that be had bought the tobacco at that price. She then sent Black a draft for $510, the price of 2,550 pounds of the tobacco that was first delivered and received. Stone went to Erie and saw plaintiff and told her that Black would wait four months for the balance of the price of the tobacco, if she would give him her note for $100, to be forfeited if she did not take the balance of the tobacco; she gave the note and finally received and paid for the balance of the tobacco at twenty cents per pound. The business with Black was finally closed on the 10th of November, 1875. Black informed Mrs. McIlrath in the winter of 1875-6, that Stone had charged her more for the tobacco than he had paid, and that he (Black) had paid Stone eighty dollars out of the money received from her. He had agreed to pay Stone $110 out of the money received for the tobacco if he should sell it for twenty cents per pound. It was only demanded because he had to wait longer for his money than it was understood he should do. Stone bought of Black 2,550 pounds at fifteen cents Black claiming it was worth more, told Stone he would make it all right with him, if he (Stone) should get more for it. Stone told him all he wanted was his traveling expenses; if he (Black) would give him forty or fifty dollars for the 2,550 pounds he would give him twenty cents per pound and fifteen for the residue. He told Mrs. McIlrath that she could have the rest of the tobacco at twenty cents. Black said to Stone, that he (Stone) had got to have something out of it as well as him (Black).

The first point of the counsel for the plaintiff in error is, that it is not alleged in the indictment, that the plaintiffs in error conspired together, to get from Mrs. McIlrath more than the tobacco was worth, nor that it was not worth twenty cents per pound. Stone agreed for the purchase of the tobacco at fifteen cents per pound; Mrs. McIlrath was entitled to receive it at that price, but Stone and Black confederated together to get from her five cents per pound more, and to divide that amount between them. It was of no consequence what the tobacco was worth, honesty and fair

dealing required that Mrs. McIlrath should have the tobacco for the price agreed upon. The indictment contains the only allegation required to describe the offense.

The prosecution, in order to prove that the plaintiffs conspired together to defraud Mrs. McIlrath, offered in evidence the minutes of a justice of the peace before whom Stone was examined, after his arrest for the conspiracy of the plaintiffs in error to defraud Mrs. McIlrath.

The examination was had in February, 1876, and the transaction in reference to the tobacco was closed before the 10th of November, 1875, as at that time the whole of this tobacco was paid for by Mrs. McIlrath. The counsel for the plaintiffs in error objected to the reception of this evidence, on the ground that the statements offered were not a part of the *res gestæ* and therefore the deposition of Black was not evidence against Stone, nor that of Stone against Black, the objection was overruled and the counsel excepted.

Without the deposition of Stone, Black, the plaintiff in error, could not have been convicted. By Black's own evidence it was proved that he did not know that Stone was purchasing for another, and he made a bargain with him to pay him one-half the difference between fifteen and twenty cents per pound, if he should effect a sale of it at twenty cents, and he denied that he sold the tobacco for fifteen cents.

The deposition of Stone was incompetent as evidence against Black. (1 Cow. & Hill's Notes, 177, 179; 1 Greenleaf Ev., §§ 110, 111; *The People* v. *Davis*, 56 N. Y., 95.) The evidence was given long after the plaintiffs in error had ceased to act in furtherance of the purposes of the conspiracy. For the same reasons the deposition of Black was not evidence against Stone.

It is unnecessary to examine any other of the exceptions taken on the trial. Judgment must be reversed because of the admission of the depositions. Judgment reversed and new trial granted in the Orleans Sessions, to which court the proceedings are remitted.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Conviction and judgment reversed, and new trial ordered in Orleans County Sessions, and proceedings remitted to that court.